

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 11, 1952

Hon. D. K. Woodward, Jr.
Chairman, The Board of Regents
The University of Texas
Kirby Building
Dallas 1, Texas

Opinion No. V-1476

Re: Legality of supplement-
ing the compensation of
the Comptroller of the
University of Texas from
funds derived from gifts
and bequests.

Dear Sir:

You have requested an opinion of this office
concerning the legality of supplementing the compensa-
tion of the Comptroller of The University of Texas from
funds derived from gifts and bequests.

Prior to 1951 the Legislature had been making
lump sum appropriations to the University of Texas for
the payment of salaries of the administrative officers
of the University. However, in House Bill 426, Acts
52nd Leg., 1951, ch. 499, p. 1228 (General Appropria-
tions Bill) the Legislature itemized annual salaries for
certain administrative officials of the University, in-
cluding the Comptroller. House Bill 426 provides at
page 1458:

"THE UNIVERSITY OF TEXAS

General Administration, Salaries Only
1. Chancellor (at $17,500 plus
   $1,000 allowance for house
   and utilities............... $18,500.00
2. Comptroller.................. 12,500.00
3. Assistant to Chancellor
   (Part-time)................  9,200.00
4. President (with house and
   utilities.)................. 15,000.00
5. Vice-President.............. 12,500.00
. . ."

The general provisions of Article V of House Bill 426 provides as follows:

"The expenditure of the appropriations herein made and authorized, whether from the State General Revenue Fund, local institutional funds, or any other receipts and funds whatsoever, except bequests and gifts, shall be subject to the following provisions:

" . . .

"Sec. 24. Additional Salary Payments. No institution of higher education shall pay in excess of the salary rates specified for the itemized positions in this Article, excepting only those which are designated as 'part-time.'" (Emphasis added.)

Clearly the Legislature intended to limit the amount of money that might be paid as salaries to these full time administrative officials from funds derived from any source except gifts and bequests. Although Section 24 of the General Appropriation Bill provides that "no institution of higher education shall pay in excess of the salary rates specified for the itemized positions in this Article," it has no application to bequests and gifts, these being specifically excepted from its provisions.

We have been informed that there are funds created through the acceptance of gifts and bequests by the Board of Regents of the University under its implied powers other than those established for professorships or scholarships under the provisions of Article 2595, V.C.S. Therefore, assuming that these funds are not restricted by the donors for a particular purpose, it is our opinion that the salary of the Comptroller may be supplemented by the Board of Regents from funds derived through gifts and bequests.

### SUMMARY

The salary of the Comptroller of the University of Texas may be supplemented by the Board of Regents from funds derived through gifts and bequests. (House Bill 426,

Acts 52nd Leg., R.S., 1951, ch. 499, p. 1228, Article V.)

Yours very truly,

APPROVED:

J. C. Davis, Jr.
County Affairs Division

Mary K. Wall
Reviewing Assistant

Charles D. Mathews
First Assistant

PRICE DANIEL
Attorney General

By Bruce Allen
Bruce Allen
Assistant

BA:am